UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL L. JOHN,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | NO:  CV-12-474-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS |

Before the Court are cross-motions for summary judgment, ECF Nos. 18, 23.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's reply memorandum, and the administrative record.

**JURISDICTION**

Plaintiff Michael L. John filed an application for Supplemental Security Income ("SSI") on February 3, 2009.  (Tr. 18, 174-76.)  Plaintiff alleged an onset date of April 1, 2007.  (Tr. 174.)  Benefits were denied initially and on reconsideration.  On November 12, 2009, Plaintiff timely requested a hearing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 1

before an administrative law judge ("ALJ").  (Tr. 109-111.)  A video hearing was held before ALJ Gene Duncan on December 7, 2010.  (Tr. 34-85.)  At that hearing, testimony was taken from Jinnie Lawson, a vocational expert; Michael L. John, the claimant; Daniel Wiseman, MD, a medical expert; and Carolyn Estrada, the claimant's mother.  (Tr. 33.)  The Plaintiff was not represented by counsel at the hearing.  (Tr. 36-37.)  On April 1, 2011, the ALJ issued a decision finding Plaintiff not disabled.  (Tr. 18-28.)  The Appeals Council denied review.  (Tr. 1-3.)  This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here.  The Plaintiff was thirty-six years old when he applied for benefits and was thirty-eight years old when the ALJ issued the decision.  The Plaintiff currently is unemployed and lives with his mother.  The Plaintiff has not sustained work since 2007.  The Plaintiff describes being unable to find work due to knee, back, and foot pain that are the result of his clubfeet and the myriad surgeries to correct his clubfeet.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not

based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 3

Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 4

medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 5

prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 3, 2009, the application date.  (Tr. 20.)  At step two, the ALJ found that Plaintiff had the severe impairments of: (1) clubfeet, (2) bilateral ankle fusions, and (3) bilateral knee arthritis.  (Tr. 20-21.)  The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 22.)  The ALJ determined that the Plaintiff had the RFC to perform sedentary work with restrictions as to climbing, crawling, or working at heights.  (Tr. 22-26.)  The RFC also imposed a requirement that the plaintiff be allowed to stand and stretch from one to three minutes every hour and have a sit/stand option.  (Tr. 22-26.)  At step four, the ALJ determined that the Plaintiff could perform relevant past work as a cashier II.  (Tr. 26-27.)  Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 28.)

## ISSUES

The Plaintiff argues that the ALJ's decision is not supported by substantial evidence or free of legal error because (1) the ALJ erred by finding that Mr. John did not meet or equal listing 1.02 in Part 404, Subpart P, Appendix 1 of 20 C.F.R., (2) the ALJ erred in finding Mr. John not credible, (3) the ALJ erred in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 7

determining that Mr. John could return to his former work as a cashier II, and (4) the Defendant failed to meet its burden of showing that substantial jobs exist in the economy for Mr. John to perform.

## DISCUSSION

**Listing at Step Three**

The Plaintiff asserts that ALJ Duncan erred when he found that Mr. John did not meeting listing 1.02 in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  Listing 1.02 reads:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> or
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

The Plaintiff's argument is multi-faceted.  The Plaintiff argues first that the testifying medical examiner, Dr. Wiseman, opined that Mr. John met listing 1.02. The Plaintiff argues that the notes of Roger Starkweather, MD, support Dr.

Wiseman's finding that Mr. John meets listing 1.02. The Plaintiff also argues that the opinion of Richard A. Dickson, MD, which was procured after the hearing before the ALJ, supports a finding that Mr. John equals listing 1.02. At a minimum, argues Plaintiff, the ALJ erred in failing to sufficiently address why Mr. John did not meet the listing.

> Dr. Wiseman testified at the December 7, 2010, video hearing that
>
> based on the information in this record there is an equivalence yet I do think that we certainly need to get additional information to firm up this concern. The equivalence would be to 1.02, major dysfunction of joints, involvement of in this case two weight bearing joints, the ankles. So that's 1.02(A).

(Tr. 51.) However, Dr. Wiseman continued on to note that the Plaintiff "had a deterioration which is unexplained and needs explanation." (Tr. 51.) Dr. Wiseman described Dr. Starkweather's notes as "woefully thin." (Tr. 51.) Ultimately, Dr. Wiseman clarified that he believe the evidence as it existed in the record "suggests that there is an equaling" but he thought the evidence "needs sort of corroboration from another point of view than the point of view that we have from Doctor Starkwe[a]ther." (Tr. 51.) Dr. Wiseman further clarified that his skepticism was based on the fact that Mr. John "worked as recently as about a year ago" and that Dr. Starkweather noted that the main impediment to Mr. John working were "his problems with legal authorities more than . . . his physical problems." (Tr. 51-52.) Dr. Wiseman noted that he was "not able to accept [] the progress of this particular

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9

incidence of club-feet." (Tr. 52.) Given the threadbare nature of the record, Dr. Wiseman testified that he could not form an opinion as to Mr. John's specific functional limitations. (Tr. 53-54.)

In response to a recommendation by Dr. Wiseman, ALJ Duncan kept the record open to allow Mr. John to supplement the medical evidence. Mr. John visited Richard A. Dickson, MD, on January 19, 2011, approximately a month and a half after the hearing before ALJ Duncan. Dr. Dickson, a neurologist, noted that "Mr. John has complaints of ankle pain for many years duration. He also has knee pain and back." (Tr. 397.) However, while noting that Mr. John has a "slight valgus deformity and very flat feet," Dr. Dickson opined that there was not an "obvious abnormality on examination of a neurologic nature" and that he was "skeptical that we will find anything on x-rays that correlate with any of his symptoms." (Tr. 397.) Ultimately, Dr. Dickson concluded that he "did not find any mechanism for his pain based on his examination." (Tr. 397.) Dr. Dickson noted no limitations in carrying up to twenty pounds. (Tr. 398.) Dr. Dickson also noted few if any limitations in Mr. Jon's ability to stand, sit, or walk. (Tr. 399.)

In his decision, ALJ Duncan describes the evidence presented by Dr. Starkweather, Dr. Wiseman (mislabeled as Dr. Reuben Beezy), and Dr. Dickson. (Tr. 20-21.) ALJ Duncan then proceeds to note that "no treating or examining physician has mentioned findings that meet or are equivalent in severity to the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 10

criteria of any listed impairment, nor does the evidence show medical signs or findings that are the same or equivalent to those of any listed impairment, specifically sections 1.00 . . . ."  (Tr. 22.)

      Mr. John urges this Court to find that the evidence in the record mandates a finding that Mr. John meets listing 1.02(A).  However, at best, the testimony of Dr. Wiseman is ambiguous on the issue.  Dr. Wiseman appears to conclude that Dr. Starkweather's report supports a finding that a listing has been equaled, but Dr. Starkweather then immediately finds the evidence not sufficient to support the listing.  (Tr. 51.)  As Mr. John notes, there is evidence of an abnormality, pain, and other factors supporting a listing finding in the record.  However, there is conflicting evidence over the extent to which Mr. John's ability to ambulate is limited.  (Tr. 43, 47, 51, 399).

      It is the ALJ's job to resolve ambiguities in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).  And the district court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.  *Id.*  However, while deference is owed to the ALJ's resolution of conflicts in the evidence, an ALJ must explain his or her decision at step three.  *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11

Under the step three portion of his decision, ALJ Duncan states simply that no examining or treating physician has found Mr. John to meet a listing nor does the evidence support a finding that a listing has been met. (Tr. 22.) This brief and conclusory statement fails to account for Dr. Wiseman's statements that evidence in the record suggests a finding that Mr. John meets listing 1.02(A). While Dr. Wiseman noted limits to that evidence, the ALJ should have addressed its sufficiency, particularly given the fact that Dr. Wiseman advised further testing to rectify the deficiency and further testing was performed. The ALJ's decision provides no insight as to the relative weight he gives the opinions of Doctors Starkweather and Dickson on the step-three issue. Even though ALJ Duncan provides a thorough recitation of the medical evidence, including the evidence provided by all three doctors that bear on the step-three issue (Tr. 20-21), his failure to state his interpretation of that evidence renders the recitation meaningless with regard to justifying his step three decision. *See Magallenes*, 881 F.2d at 751 (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Given the ALJ's error in failing to adequately explain his step-three decision, this Court has discretion to remand for further proceedings. *Marcia*, 900 F.2d at 176. Where the Commissioner "is in a better position that this court to evaluate the evidence, remand is appropriate." *Id.* (citing *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)). In this case, the Commissioner is in a better

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 12

position to reevaluate all of the medical evidence, including Dr. Dickson's opinion, to more adequately address step three.  For example, the Commissioner could determine that new testimony from a medical examiner is necessary to determine whether Dr. Dickson's opinion provides a sufficient basis to assuage Dr. Wiseman's concerns about the sufficiency of the record.  Also, Dr. Dickson expressed concern that review of Mr. John's foot condition may better be served by consultation of an orthopedist.  Given the possible need for additional medical evidence and testimony, the ALJ is in a better position to evaluate the evidence, and this Court will remand for further proceedings.

    Therefore, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, ECF No. 18, is GRANTED.

2. The Defendant's motion for summary judgment, ECF No. 23, is DENIED.

3. This case is REMANDED for the ALJ to conduct a new hearing and issue a new opinion in which the ALJ describe more fully the determination at step three.  Given also the confessed error at the step four determination that Mr. John could return to his prior work, the ALJ will also take new testimony from a vocational expert.  The ALJ should also consider the suggestion of Dr. Dickson located on that Mr. John's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 13

foot issues may best be determined by consultation of an orthopedist as opposed to a neurologist. Finally, the ALJ should consult a medical expert at the hearing on the issue of whether the supplemented record is now sufficient to address both the step-three issue as well as Mr. John's residual functional capacity.

4. JUDGMENT shall be entered for the Plaintiff.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 9th of December 2013.

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge
